TRINA A. HIGGINS, United States Attorney (7349)
JOEY L. BLANCH, Assistant United States Attorney (16665)
TRAVIS K. ELDER, Assistant United States Attorney (11987)
Attorneys for the United States of America
111 South Main Street, Suite 1800 | Salt Lake City, Utah 84111
(801) 524-5682 | travis.elder@usdoj.gov

UNITED STATES DISTRICT COURT

DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>MATTHEW J. GAMBLE,<br><br>Defendant. | **MOTION FOR ORDER OF FORFEITURE**<br><br>Case No. 2:24-cr-00311 DAK<br><br>Senior Judge Dale A. Kimball |

Pursuant to FED. R. CRIM. P. 32.2(b) and 18 U.S.C. § 2253, the United States of America moves the Court to enter an Order of Forfeiture, and in support states:

1. On October 1, 2024, the United States charged MATTHEW J. GAMBLE, in Count One, with Distribution of Child Pornography in violation of 18 U.S.C. § 2252A(a)(2). Felony Information, ECF 1. The Felony Information notified the defendant that upon conviction, the United States would seek forfeiture of any property, real or personal, constituting or traceable to gross profits obtained from such offense; or used or intended to be used to commit or to promote the commission of such offense or any property traceable to such property under 18 U.S.C. § 2253. *Id*.

2. The property to be forfeited (Subject Property) includes:

- Dell Inspiron P106F laptop seized from Matthew Gamble on or about May 2, 2024
- Cellular telephone seized from Matthew Gamble on or about May 2, 2024

3. On October 16, 2024, the defendant pleaded guilty. *See* Plea Hr'g Min. Entry, ECF 11.

4. As part of the Defendant's Statement in Advance of Guilty Plea (SAP) filed on October 17, 2024, the defendant agreed to forfeit the Subject Property. ECF 16 at 7. Before the court can enter an order forfeiting the Subject Property, it must find a "nexus between the property and the offense" under FED. R. CRIM. P. 32.2(b)(1)(A). As provided for in FED. R. CRIM. P. 32.2(b)(1)(B), the court may make its nexus determination by considering: (1) "evidence already in the record, including any written plea agreement;" and (2) "any additional evidence or information submitted by the parties and accepted by the court as relevant and reliable." In the defendant's plea statement, the defendant admitted the connection of the Subject Property to the offense including that he used the internet and his cellular phone to communicate and send child pornography and that on May 2, 2024, during a search warrant on his residence, he was in possession of numerous additional images and videos of child pornography that he stored on the Subject Property. *Id*. at 4.

5. As contemplated by FED. R. CRIM. P. 32.2(c)(2), the proposed order provides that it will become the final order of forfeiture if no third parties file petitions claiming an interest in the forfeited property. For a preliminary order to become a final order, the Court must find that the defendant, or any combination of defendants, "had an interest in the property that is forfeitable under the applicable statute." FED. R. CRIM. P. 32.2(c)(2). Facts in plea statement show that the defendant possessed and/or had control of the Subject Property at the time of the

offense. *See* SAP at 4 (found at the defendant's home). This interest is one that is subject to forfeiture under 18 U.S.C. § 2253.

6. Under FED. R. CRIM. P. 32.2(b)(1)(A) and (b)(2)(A), if the Court determines that the United States has made the required showing under the statute authorizing forfeiture noted above, the Court must enter an order forfeiting the property without regard to any third-party interest.

7. Based on the defendant's statement in advance of plea and guilty plea and under 18 U.S.C. § 2253, the defendant committed an offense for which forfeiture is authorized, the requisite nexus between the Subject Property and the offense is present, and the defendant has a forfeitable interest in the Subject Property. Accordingly, the United States requests that the Court so find and order all right, title, and interest in the Subject Property forfeited to the United States.

8. Under FED. R. CRIM. P. 32.2(b)(3), once the order is entered the Attorney General (or designee) is authorized to seize the property, conduct any discovery proper in identifying, locating, or disposing of the property subject to forfeiture, and commence proceedings that comply with any statutes governing third-party rights.

9. In this case, the applicable statute governing third-party rights is 21 U.S.C. § 853(n). Prior to becoming final as to third parties, the order requires the United States to comply with various requirements of that provision and provides a roadmap for addressing any third-party petitions that may arise.

10. Therefore, the United States asks the Court to enter the enclosed order of forfeiture and, as required by FED. R. CRIM. P. 32.2(b)(4)(B), to orally announce the forfeiture at the defendant's sentencing with a reference to the forfeiture order in the judgment.

Respectfully submitted,

                TRINA A. HIGGINS
                United States Attorney

                */s/ Travis K. Elder*
                Travis K. Elder
                Assistant U.S. Attorney